| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

ATLANTIC GREAT DANE, INC.,  )
)
  Plaintiff  )
)
v.  )  COMPLAINT
)
THE NETHERLANDS INSURANCE  )
COMPANY,  )
)
  Defendant  )

NOW COMES the Plaintiff Atlantic Great Dane, Inc., by and through its counsel, Norman, Hanson & DeTroy, and complains against the Defendant The Netherlands Insurance Company (hereinafter "Netherlands") as follows:

1. The Plaintiff Atlantic Great Dane is a corporation organized under the laws of the State of Maine with its principal place of business in the City of South Portland, County of Cumberland, State of Maine.

2. The Defendant Netherlands is an insurance company authorized to conduct business in the State of Maine and issues insurance policies to various companies in the State of Maine, including Atlantic Great Dane.

3. Atlantic Great Dane is a full service Great Dane distributor providing sales, service, parts and rental to the transportation industry.

4. Atlantic Great Dane purchases refrigeration units from CT Power for delivery to Great Dane manufacturing sites. Those refrigeration units are installed onto trailers that once complete are delivered to Atlantic Great Dane customers.

5. The payment arrangement Atlantic Great Dane has with CT Power is that payment to CT Power is made once Atlantic Great Dane gets paid from its customer.

6. An Atlantic Great Dane Accounts Payable employee, Kathy Rumpf, was in e-mail correspondence about the status of outstanding invoices with Shelby Grout from CT Power. E-mail is the primary form of communication between Kathy Rumpf and Shelby Grout.

7. On January 28, 2019, Kathy Rumpf at Atlantic Great Dane had a check issued to CT Power in the amount of $480,106 in payment of several invoices.

8. Kathy Rumpf at Atlantic Great Dane received an e-mail purportedly from Shelby Grout from CT Power requesting that Atlantic Great Dane use an alternative payment method, and provided Atlantic Great Dane with wiring instructions, which resulted in a wire transfer in the amount of $480,106 on January 29, 2019.

9. Kathy Rumpf at Atlantic Great Dane received e-mails on February 4th and 5th purportedly from Shelby Grout stating that Bank of America was holding the money and CT Power was going to return the money so Atlantic Great Dane could wire the funds to a different account. This communication made Kathy Rumpf suspicious, prompting a telephone communication between Atlantic Great Dane and CT Power at

2

which time Atlantic Great Dane learned that CT Power had never requested that funds be wired and never sent wiring instructions.

10. An examination of the e-mails between Kathy Rumpf at Atlantic Great Dane and Shelby Grout showed that the e-mail address changed in the e-mail chain from sgrout@ctpower.com to sgrout@ctpowers.com. See email chain attached as Exhibit A.

11. The $480,106 wired per the e-mail instructions from "s. grout" were not recoverable.

12. At the time of all material events, Atlantic Great Dane had in place a commercial insurance policy issued by Netherlands providing various coverages, including but not limited to commercial property coverage and commercial crime coverage.

13. Atlantic Great Dane promptly provided notice of its loss to Netherlands on February 6, 2019.

14. Following its investigation, Netherlands issued a denial of coverage letter dated February 26, 2019 with subsequent follow-up denial letters dated April 25, 2019 and May 16, 2019.

15. Atlantic Great Dane retained counsel to evaluate the denials, which counsel sent an explanation on June 21, 2019 of the reasons Netherlands' decision was in error.

16.  By letter dated July 18, 2019, counsel for Netherlands reaffirmed the denial of coverage, but did acknowledge that the Crime General Provisions Form (CR 10 00 10 90) was mistakenly absent from the policy and should be included.

## COUNT I
### (Breach of Contract)

17.  The Plaintiff repeats and realleges Paragraphs 1 through 16 as if fully set forth herein.

18.  The Netherlands insurance policy contained a separate "Commercial Crime Coverage Part" specifying the forms applicable to that coverage part. The form specifically listed as applicable to the Commercial Crime Coverage Part included Form CR 00 07 10 90 titled "Computer Fraud Coverage Form (Coverage Form F)". An accurate copy of this form is attached to this Complaint as Exhibit B.

19.  The Computer Fraud Coverage Form provides coverage for loss of Covered Property resulting directly from a Covered Cause of Loss. Covered Property includes "money", and Covered Cause of Loss includes "Computer Fraud".

20.  The term "Computer Fraud" is defined in the Computer Fraud Coverage Form as follows:

3.  Additional Definitions.

    (b)  "Computer fraud" means "theft" of property following and directly related to the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises" to a person (other than a "messenger")

4

outside those "premises" or to a place outside those "premises."

21. Although not specifically listed as an applicable form in the declarations for the Commercial Crime Coverage Part, Netherlands has acknowledged that Form CR 10 00 10 90 titled "Crime General Provisions" was intended to be included in the list of applicable forms and should be considered part of the Commercial Crime Coverage Part.

22. The funds lost by Atlantic Great Dane constitute "money" as defined in the Netherlands insurance policy.

23. The term "theft" is defined in Section D(3)(f) of the Computer Fraud Coverage Form to mean "any act of stealing".

24. The loss of the funds sent by wire transfer constituted "theft" as defined in the Netherlands policy.

25. The unknown thief used a computer to facilitate and accomplish the fraudulent transfer of funds from the account of Atlantic Great Dane to the account identified by the thief.

26. The "theft" of funds from Atlantic Great Dane followed and was "directly related to" the use of a computer to fraudulently cause the transfer of those funds.

27. Netherlands breached its contract with Atlantic Great Dane in its various denial letters in taking the following positions:

5

    (a)    Netherlands improperly relied upon the "voluntary parting" exclusion located in an entirely separate coverage part, i.e. the Commercial Property Coverage Part, which by the express terms of the insurance policy is inapplicable to the Commercial Crime Coverage Part.

    (b)    Netherlands' improperly concluded that the term "Computer Fraud" defined in Form CR 00 07 10 90 requires actual "hacking" into an Atlantic Great Dane computer, when that definition requires only "the use of any computer to fraudulently cause a transfer" of property, and is not expressly or impliedly limited to "uses" that constitute actual "hacking". Although "hacking" is not a prerequisite to coverage, Atlantic Great Dane does believe that "hacking" was involved.

    (c)    Netherlands' improperly concluded that the theft of the property was not "following and directly related" to the fraudulently disguised e-mails received by Atlantic Great Dane, when the wire transfer in the amount of $480,106 was sent "following" receipt of the fraudulent e-mail in <u>direct response</u> to the fraudulent e-mail, and for no other reason.

28.    Netherlands' breach of contract has caused Atlantic Great Dane damages in the form of the insurance payment due under the contract, other consequential damages, attorney's fees and costs.

WHEREFORE, Atlantic Great Dane requests that judgment be entered in its favor against Netherlands for damages, attorney's fees, costs and such other relief as the Court deems appropriate.

## COUNT II
### (Unfair Claims Settlement Practices - 24-A M.R.S.A. § 2436-A)

29. The Plaintiff repeats and realleges Paragraphs 1 through 28 as if fully set forth herein.

30. Netherlands knowingly misrepresented to Atlantic Great Dane the policy provisions relating to the coverage at issue within the meaning of Section 2436-A(1)(A), by making the following misrepresentations:

    (a) Misrepresenting to Atlantic Great Dane that the "voluntary parting" exclusion in an entirely separate coverage part, i.e. the Commercial Property Coverage Part, applies to the Commercial Crime Coverage Part.

    (b) Misrepresenting that the term "Computer Fraud" defined in Form CR 00 07 10 90 requires actual "hacking" into an Atlantic Great Dane computer, when that definition requires only "the use of any computer to fraudulently cause a transfer" of property, and is not expressly or impliedly limited to "uses" that constitute actual "hacking".

    (c) Misrepresenting that the phrase "directly related to" means the same thing as "resulting directly from" or "directly caused by", with the result that no loss could be "directly related" to a fraudulent e-mail in any case in which

7

the e-mail fraudulently induced the insured to take an action resulting in the loss.

31. Netherlands, without just cause, refused to effectuate prompt, fair and equitable settlement of the claim in which liability has become reasonably clear, within the meaning of 2436-A(1)(E), by engaging in the following acts:

(a) Denying coverage based on the "voluntary parting" exclusion when that exclusion clearly has no applicability to the Commercial Crime Coverage Part and the Computer Fraud Coverage;

(b) Fabricating a "hacking" requirement under the definition of "Computer Fraud" that is not expressly or impliedly included in the definition;

(c) Taking the untenable position that the phrase "directly related to" somehow means the same thing as the entirely different phrases "resulting directly from" or "directly caused by".

32. Atlantic Great Dane has sustained damages as a result of Netherlands' violation of 2436(1)(A) and (E).

WHEREFORE, Atlantic Great Dane requests that it be awarded damages, attorney's fees, costs and interest at the rate of 1½% per month.

DATED at Portland, Maine, this 21st day of October 2019.

_____
James D. Poliquin (Bar No. 2474)
Attorney for Plaintiff

NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
P. O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
jpoliquin@nhdlaw.com

9



To: Shelby Grout
Subject: RE: Payment

It has already gone in the mail this morning

---

From: Shelby Grout <sgrout@ctpowers.com>
Sent: Monday, January 28, 2019 3:29 PM
To: Kathy Rumpf <krumpf@atlanticgreatdane.com>
Subject: Re: Payment

Kathy,

Could you please void/cancelled the check immediately and remit via wire transfer to our alternatives bank account.
Kindly confirm the check cancellation so that i can provide you the bank details.

Waiting for your urgent reply.

Thank you,

*Shelby Grout*
Corporate Administrative Assistant
CT Power, Denver

---

From: Kathy Rumpf <krumpf@atlanticgreatdane.com>
Sent: Monday, January 28, 2019 7:39:38 AM
To: Shelby Grout
Subject: RE: Payment

I cut a check (29785) this morning covering the invoices detailed below.
011001805
011001837
011001803
011001836

$480,106.00

Kathy

Kathleen A. Rumpf
Office Manager
Accounts Receivable
Accounts Payable Specialist

6

Atlantic Great Dane, Inc.
1 Hemco Road
South Portland, Maine 04106
Tel: 207-799-4700
Email: krumpf@atlanticgreatdane.com

---

From: Shelby Grout <sgrout@ctpowers.com>
Sent: Monday, January 28, 2019 1:08 PM
To: Kathy Rumpf <krumpf@atlanticgreatdane.com>
Subject: Re: Payment
Importance: High

Kathy,

Our operational account with is currently under audit, as a result we cannot process any payments at the moment. Could you kindly remit payment to our alternative account details?

Please advise the exact payment date so that we can provide you the subsidiary account details.

Waiting for your quick reply.

Thank you,

*Shelby Grout*

Corporate Administrative Assistant
CT Power, Denver

---

From: Shelby Grout <sgrout@ctpower.com>
Sent: Monday, January 21, 2019 4:14 PM
To: Kathy Rumpf
Subject: RE: Payment

Also, have the trailers been delivered to the end user PFG house?

Thank you,

*Shelby Grout*

Corporate Administrative Assistant
CT Power, Denver

---

7

**From:** Shelby Grout
**Sent:** Monday, January 21, 2019 2:10 PM
**To:** 'Kathy Rumpf'
**Subject:** RE: Payment

Kathy,

Do you by chance have an estimated time on funding?

Thank you,

*Shelby Grout*

Corporate Administrative Assistant
CT Power, Denver

---

**From:** Kathy Rumpf [mailto:krumpf@atlanticgreatdane.com]
**Sent:** Monday, January 21, 2019 12:23 PM
**To:** Shelby Grout
**Subject:** RE: Payment

Good Afternoon,

We have not been funded the money for the Trailers that the units are attached.

Kathy

Kathleen A. Rumpf
Office Manager
Accounts Receivable
Accounts Payable Specialist
Atlantic Great Dane, Inc.
1 Hemco Road
South Portland, Maine 04106
Tel: 207-799-4700
Email: krumpf@atlanticgreatdane.com

---

**From:** Shelby Grout <sgrout@ctpower.com>
**Sent:** Monday, January 21, 2019 12:05 PM
**To:** Kathy Rumpf <krumpf@atlanticgreatdane.com>
**Subject:** RE: Payment

Good Morning Kathy,

May I please receive payment status for the below invoices?

8



EXHIBIT B

CR 00 07 10 90

# COMPUTER FRAUD COVERAGE FORM
## (Coverage Form F)

### A. COVERAGE

We will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Cause of Loss.

1. **Covered Property:** "Money," "Securities" and "Property Other Than Money and Securities."
2. **Covered Cause of Loss:** "Computer Fraud."

### B. LIMIT OF INSURANCE

The most we will pay for loss in any one "occurrence" is the applicable Limit of Insurance shown in the DECLARATIONS.

### C. DEDUCTIBLE

We will not pay for loss in any one "occurrence" unless the amount of loss exceeds the Deductible Amount in the DECLARATIONS. We will then pay the amount of loss in excess of the Deductible Amount, up to the Limit of Insurance. In the event more than one Deductible Amount could apply to the loss, only the highest Deductible Amount may be applied.

### D. ADDITIONAL EXCLUSIONS, CONDITIONS AND DEFINITIONS:
In addition to the provisions in the Crime General Provisions, this Coverage Form is subject to the following:

1. **Additional Exclusions:** We will not pay for loss as specified below:
   a. **Acts of Employees, Directors, Trustees or Representatives:** Loss resulting from any dishonest or criminal act committed by any of your "employees," directors, trustees or authorized representatives:
      (1) Acting alone or in collusion with other persons; or
      (2) While performing services for you or otherwise.
   b. **Inventory Shortages:** Loss, or that part of any loss, the proof of which as to its existence or amount is dependent upon:
      (1) An inventory computation; or
      (2) A profit and loss computation.

2. **Additional Conditions**
   a. **Duties in the Event of Loss:** If you have reason to believe that any loss of, or loss from damage to, Covered Property involves a violation of law, you must notify the police.
   b. **Special Limit of Insurance for Specified Property:** We will only pay up to $5000 for any one "occurrence" of loss of, and loss from damage to, manuscripts, drawings or records of any kind or the cost of reconstructing them or reproducing any information contained in them.

3. **Additional Definitions**
   a. "Banking Premises" means the interior of that portion of any building occupied by a banking institution or similar safe depository.
   b. "Computer Fraud" means "theft" of property following and directly related to the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises" to a person (other than a "messenger") outside those "premises" or to a place outside those "premises."
   c. "Messenger" means you, any of your partners or any "employee" while having care and custody of the property outside the "premises."
   d. "Occurrence" means an:
      (1) Act or series of related acts involving one or more persons; or
      (2) Act or event, or a series of related acts or events not involving any person.
   e. "Premises" means the interior of that portion of any building you occupy in conducting your business.
   f. "Theft" means any act of stealing.